# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEREMY GOLLADAY,

    Plaintiff,

v.                                                          No. 19-cv-1047 GBW/SMV

RICHARD RINCON, ERIC SILVA,
and CHEYENNE BUNKER,

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on the Second Order to Show Cause [Doc. 13] ("Second OSC"), issued on February 6, 2020, and after the show-cause hearing, held on February 14, 2020. Neither Plaintiff nor his attorney appeared. I recommend that Plaintiff's claims and this case be dismissed with prejudice for lack of prosecution.[1]

## Background

Plaintiff's case was removed to federal court on November 8, 2019. [Doc. 1]. Shortly thereafter, I set a telephonic status conference.[2] [Doc. 6]. Plaintiff's counsel appeared at the conference as scheduled on December 2, 2019. [Doc. 7] at 1. I discussed the Joint Status Report and Provisional Discovery Plan ("JSR"), among other things, with counsel. *Id.* I also issued an

---

[1] Further, in a separate proceeding, I will recommend to the Chief Judge that Ms. Truitt be disciplined, including that her license to practice law in the District of New Mexico be revoked.
[2] The notice of electronic filing for the Order Setting Telephonic Status Conference confirms that it was served on Plaintiff's counsel, Ms. Truitt, at lauren@truittlegalgroup.com on November 19, 2019.

Initial Scheduling Order [Doc. 8] ("ISO") on December 2, 2019,[3] in which Plaintiff was ordered to "cooperate in preparing a [JSR]." *Id.* at 2. "[F]ollowing the sample JSR available at the Court's web site," Plaintiff was ordered "to fill in the blanks for proposed dates." *Id.* Nevertheless, when Defendants timely filed the JSR, Plaintiff's portions remained blank. [Doc. 10]. Defendants explained that Plaintiff had failed to provide his portions. *Id.* at 2. Despite my oral instructions and despite the ISO, Plaintiff's counsel failed to participate in the JSR. *See* [Docs. 8, 10, 11].

Thus, I issued an OSC directing Ms. Truitt to explain, no later than January 28, 2020, why sanctions should not be imposed for her failure to participate in the JSR.[4] [Doc. 11]. The OSC deadline came and went, but no response was filed, nor was any extension of time requested. *See* [Doc. 13].

After Ms. Truitt violated my OSC by failing to respond, I issued a Second OSC on February 6, 2020. *Id.* I ordered Ms. Truitt to appear in person in Las Cruces on February 14, 2020, to show cause why she and/or Plaintiff should not be (1) sanctioned under the Court's inherent authority, (2) held in civil and/or criminal contempt, and/or (3) required to pay certain of Defendants' expenses under Fed. R. Civ. P. 37(f). [Doc. 13]. Further, I ordered Ms. Truitt to show cause why (4) this action should not be dismissed with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.*

Ms. Truitt did not appear at the show-cause hearing on February 14, 2020, as ordered. She did not request any extension of time. She did not respond to the Second OSC in any way. She again violated my direct, written order.

---

[3] The notice of electronic filing for the ISO confirms that it was served on Plaintiff's counsel, Ms. Truitt, at lauren@truittlegalgroup.com on December 2, 2019.

[4] The notice of electronic filing for the OSC confirms that it was served on Plaintiff's counsel, Ms. Truitt, at lauren@truittlegalgroup.com on January 23, 2020.

**Standard**

Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order."[5] Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before dismissing a case under Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

**Analysis**

Plaintiff and his attorney have failed to follow my orders, and they have abandoned the case. Plaintiff's counsel failed to participate in preparing the JSR, despite my oral and written instructions. Plaintiff's counsel completely failed to respond to two Orders to Show Cause. While it is counsel, not Plaintiff, who has failed to prosecute the case, it simply cannot proceed without

---

[5] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

3

her involvement. Counsel was afforded two opportunities to explain why sanctions should not be imposed, but she has not done so. She has completely failed to respond to my orders and to participate in this case. The Court's Second OSC explicitly warned that the case may be dismissed with prejudice for lack of prosecution. [Doc. 13]. Finally, I am not convinced that lesser sanctions would be effective, especially because Plaintiff's counsel failed to respond to the threat of other sanctions. Although the Court prefers to resolve disputes on their merits, the aggravating factors in this case outweigh such preference. Pursuant to Fed. R. Civ. P. 41, dismissal with prejudice is warranted. *See Ehrenhaus*, 965 F.2d at 921.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that this action be **DISMISSED with prejudice**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**